# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                         **CR No. 18-3409 KG**

**TOMAS FELICIANO FRANCISCO-PEDRO,**

      **Defendant.**

## DEFENDANT'S MOTION FOR SEPARATE TRIALS

Defendant Tomas Feliciano Francisco-Pedro, by and through his attorney, Assistant Federal Public Defender André Poissant, and pursuant to the Fifth Amendment right to due process, the Sixth Amendment rights to a fair trial and the effective assistance of counsel, and Rules 8 and 14 of the Federal Rules of Criminal Procedure, respectfully requests this Court to order a separate trial for Mr. Francisco-Pedro.

As grounds for this motion, Mr. Francisco-Pedro states:

1.      Mr. Francisco-Pedro, Maximo Gonzalez-Sebastian, and Cristian Garcia-Gutierrez are jointly charged with conspiracy to take a hostage, hostage taking, and aiding and abetting. (Doc. 32.)

2.      Trial is set on a December 17, 2018 trailing docket.

3.      The discovery in this matter indicates that Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez orchestrated the alleged smuggling operation and Mr. Francisco-Pedro was only tangentially involved. As Mr. Francisco-Pedro disputes all allegations that he was involved in the alleged hostage taking, his defense will be antagonistic to his co-defendants.

4.      Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be tried jointly "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). While Mr. Francisco-Pedro is charged with the co-defendants in both counts of the indictment, the discovery indicates that Mr. Francisco-Pedro had recently arrived in Roswell and he was only involved in running errands for Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez. Mr. Francisco-Pedro contends that the government's evidence fails to show that he had any involvement in hostage taking.

5.      Rule 14(a) of the Federal Rules of Criminal Procedure provides for relief from consolidation for trial of defendants: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Thus, even if joinder is proper under Rule 8(a), the Court in its discretion, may order a separate trial if a defendant can demonstrate that he will be prejudiced by a joint trial. *See Zafiro v. United States*, 506 U.S. 534, 538 (1993).

6.      Severance is required under Rule 14(a) "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The *Zafiro* court gave examples of when separate trials should be granted, such as "when

2

evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant" or "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539.

7.      Mr. Francisco-Pedro's defense is mutually antagonistic and irreconcilable with Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez's defense because he had no involvement in hostage taking. *See United States v. Peveto*, 881 F.2d 844, 856–58 (10th Cir. 1989) (holding that the denial of severance was abuse of discretion because the codefendant's defense necessarily showed defendant was drug dealer, thus conflicting with defendant's claim of innocence). When defendants present mutually exclusive defenses, the jury often cannot assess the guilt or innocence of the defendants on an individual and independent basis. If Mr. Francisco-Pedro is tried jointly with Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez, it is likely that the jury would be prevented from making a reliable judgment about Mr. Francisco-Pedro's guilt or innocence.

8.      Additionally, Mr. Francisco-Pedro would be severely prejudiced in a joint trial by the significantly more serious culpability alleged against Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez. The prejudice Mr. Francisco-Pedro would face if tried along with Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez is clear based on the differing levels of evidence. The limited evidence against Mr. Francisco-Pedro as compared to Mr.

Gonzalez-Sebastian and Mr. Garcia-Gutierrez weighs in favor of separate trials. Severance is necessary to ensure a fair trial for Mr. Francisco-Pedro.

9.     Where, as here, there is a substantial risk that the jury will not be able to compartmentalize the evidence against each defendant and the defendant will therefore be prejudiced by a joint trial, severance may be warranted under Rule 14(b). *United States v. Hines*, 696 F.2d 722, 731 (10th Cir. 1982). A defendant "can show real prejudice either by showing that his defense is irreconcilable with the defense of his co-defendant or co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995), *cert. denied* 516 U.S. 1137 (1996). The risk of such prejudice is "heightened" "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774–75 (1946)). *See also Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring in the judgment and opinion) ("It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.").

10.     District courts within the Tenth Circuit have granted separate trials when there are mutually exclusive defenses or markedly different degrees of culpability between codefendants. *See, e.g., United States v. Santiago-Mesinas*, No. CR 18-0209 CMA, 2018 WL 4899076, *7 (D. Colo. Oct. 9, 2018) (granting a separate trial because the movant was

tangentially involved and "a joint trial would prevent the jury from making a reliable judgment about his culpability"); *United States v. Baca*, No. CR 16-1613 JB, 2016 WL 6404772, \*31 (D. N.M. Oct. 20, 2016) (granting a separate trial in part because "he was allegedly involved in a single incident" and had "a markedly different degree of culpability" than his codefendants); *United States v. Lujan*, 529 F. Supp. 2d 1315, 1326 (D. N.M. 2007) (granting separate trial in part because other crimes evidence, admissible against only one defendant, would increase the risk of prejudice for the other two charged defendants). In light of the mutually exclusive defenses and markedly different degrees of culpability between Mr. Francisco-Pedro and Mr. Gonzalez-Sebastian and Mr. Garcia-Gutierrez, the risk of prejudice is particularly high.

11.     Mr. Francisco-Pedro is entitled to separate and individual consideration by the jury regarding his guilt or innocence of each charge lodged against him. Though the jury will be instructed to give separate consideration to each count and each defendant, the presentation by the prosecution of evidence against the co-defendants will make individual consideration of his case by the jury very difficult. *See e.g.* Tenth Circuit Pattern Instruction §1.01 ("you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration"). Evidence of the commission of the alleged hostage taking in which Mr. Francisco-Pedro had no participation would deprive him of a fair trial and the separate and individual consideration that his case requires.

12.     As recognized in *Kotteakos*, a cardinal rule in criminal law is that "[g]uilt with us remains individual and personal," 328 U. S. at 772, and should not be premised on evidence that subjects the defendant to evidence which not be admissible in a separate trial. Mr. Francisco-Pedro.

13.     The government opposes this motion.

14.     Mr. Francisco-Pedro requests a hearing on this motion.

WHEREFORE, Mr. Francisco-Pedro respectfully requests that the Court grant him a separate trial in this matter.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main St., Ste. 400
Las Cruces, New Mexico 88001
(575) 527-6930

**Electronically filed (November 14, 2018)**
By:     */s/ André Poissant*
            ANDRÉ POISSANT
            Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF filing system which caused a copy to be served via electronic mail to counsel of record Luis A. Martinez, Assistant United States Attorney on November 14, 2018.

**Electronically filed (November 14, 2018)**
By:     */s/ André Poissant*
            ANDRÉ POISSANT
            Assistant Federal Public Defender

6