IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CR NO. 18-3409 KG

TOMAS FELICIANO FRANCISCO-PEDRO,

        Defendant.

### MOTION FOR PRETRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

        Defendant Tomas Feliciano Francisco-Pedro, by and through his attorney, Assistant Federal Public Defender André Poissant, and pursuant to Rule 801(d)(2)(E) of the Federal Rule of Evidence, the United States Constitution (particularly the Fifth Amendment's Due Process Clause and the Sixth Amendment's guarantee of a fair trial), and the authorities cited herein, respectfully moves this Honorable Court to conduct a hearing in advance of trial to determine the admissibility of alleged co-conspirator statements.

        As grounds for this motion, Mr. Francisco-Pedro states:

        1.     Mr. Francisco-Pedro, Maximo Gonzalez-Sebastian, and Cristian Garcia-Gutierrez are jointly charged with conspiracy to take a hostage, hostage taking, and aiding and abetting. (Doc. 32.)

        2.     Trial is set on December 17, 2018.

        3.     According to the Indictment, Mr. Francisco-Pedro, Maximo Gonzalez-Sebastian, and Cristian Garcia-Gutierrez were involved in an alleged conspiracy from on

or about July 21, 2018, and continuing to on or about July 26, 2018. The discovery indicates that the government may attempt to introduce the statements of alleged co-conspirators as evidence against Mr. Francisco-Pedro pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

4.    Rule 801(d)(2)(E) provides that a statement offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay and is admissible at trial. Fed. R. Evid. 801(d)(2)(E). The Tenth Circuit employs a three-part test to determine the admissibility of coconspirator statements under Rule 801(d)(2)(E). The test requires the government to establish by a preponderance of the evidence that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy. *See United States v. Morgan*, 748 F.3d 1024, 1036 (10th Cir. 2014).

5.    The district court makes the factual determinations by using one of two procedures: "(1) it may hold a '*James* hearing'" – a preliminary hearing outside the presence of the jury expressly for the purpose of making such determinations, *see generally, United States v. James*, 590 F.2d 575 (5th Cir. 1979), or "(2) it may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

6. The Tenth Circuit has expressed its "strong preference for *James* proceedings." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). "The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (internal citations and quotations omitted).

7. While a court may consider the hearsay statements themselves when making factual determinations at a *James* hearing, the Tenth Circuit has held that for admissibility "there [must] be some independent evidence linking the defendant to the conspiracy." *United States v. Alcorta*, 853 F.3d 1123, 1142 (10th Cir. 1995) (explaining requirements under *Bourjaily v. United States*, 483 U.S. 171, 180 (1987) (further citations omitted)); *see also* Fed. R. Evid. 801(d)(2) ("The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it . . . ."). The "independent evidence" must be "evidence other than the proffered [co-conspirator] statements themselves." *Owens*, 70 F.3d at 1125.

8. The Court should require the government to present independent proof of Mr. Francisco-Pedro's participation in the alleged conspiracy at a pretrial *James* hearing before any extra-judicial statement of any alleged co-conspirator is admitted against him. Additionally, at least five days prior to the *James* hearing, the Court should require the government to identify as to each statement of an alleged co-conspirator it intends to introduce against Mr. Francisco-Pedro at trial: (a) the identity of the alleged co-conspirator

who made the statement, (b) the identity of the person(s) to whom the statement was made; (c) the identity of the witness who will testify at trial about the alleged co-conspirator statement; (d) the content of the alleged co-conspirator statement; (e) when the statement was made; (f) how the statement was allege to have been made in the course of and in furtherance of the conspiracy; (g) the independent evidence the government intends to offer in support of admission of the alleged co-conspirator statement. *See Owens*, 70 F.3d at 1124–25.

9. This procedure will prevent the danger of a mistrial should the government fail to meet its burden of proof required for showing for admissibility of alleged co-conspirator statements against Mr. Francisco-Pedro and reduce the risk at trial of inadmissible statements being admitted against Mr. Francisco-Pedro in violation of his Sixth Amendment right to confrontation. For this reason, it is advantageous to conduct the hearing out of the jury's presence in advance of trial and determine which testimony, if any, is admissible. In particular, the complex nature of the charges and allegations against the co-defendant will require the jury to sort through the evidence. If the burden of ignoring inadmissible statements is added, the potential for jury confusion dramatically increases. Requiring the government to identify the statements of alleged co-conspirators before the *James* hearing will conserve judicial resources and reduce the risk at trial of inadmissible statements being admitted against Mr. Francisco-Pedro at trial.

10. The procedure requested herein is particularly appropriate in the case at bar for three reasons. First, the complexity and potential length of trial in this case warrants a cautious approach to avoid the waste of judicial resources that would be occasioned by a

mistrial. Second, the danger of inappropriately attributing the statements of alleged co-conspirators to Mr. Francisco-Pedro is significant given the limited allegations against him compared to the extensive allegations against the co-defendants. Third, the prosecution's ability to satisfy its burden of establishing the alleged conspiracy is doubtful.

11. Under these circumstances, in order to prevent the trial's fairness from being undermined, to avoid a miscarriage of justice and to effectuate judicial economy, a pretrial determination of the admissibility of any unindicted or indicted alleged co-conspirators' statements must be made by this Court.

12. The government opposes this motion.

WHEREFORE, Mr. Francisco-Pedro respectfully requests that the Court grant the above-requested relief, set this matter for a *James* hearing in advance of trial, require the government to identify any alleged co-conspirator statements it intends to introduce against Mr. Francisco-Pedro at least five days prior to the *James* hearing, and grant such further relief as the Court deems just and proper.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        506 S. Main St., Ste. 400
        Las Cruces, New Mexico 88001
        (575) 527-6930

        **Electronically filed (November 14, 2018)**
        By:   */s/ André Poissant*
              ANDRÉ POISSANT
              Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF filing system which caused a copy to be served via electronic mail to counsel of record Luis A. Martinez, Assistant United States Attorney on November 14, 2018.

                                      **Electronically filed (November 14, 2018)**
                        By:    */s/ André Poissant*
                                ANDRÉ POISSANT
                                Assistant Federal Public Defender