IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CR NO. 18-3409 KG

TOMAS FELICIANO FRANCISCO-PEDRO,

        Defendant.

## MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

Defendant Tomas Feliciano Francisco-Pedro, by and through his attorney, Assistant Federal Public Defender André Poissant, and pursuant to Federal Rule of Criminal Procedure 12(b)(1), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Roviaro v. United States*, 353 U.S. 53 (1957), respectfully moves the Court for an order requiring the government to disclose the full identity of the confidential informant and all information concerning the use of this informant during the investigation and prosecution of this matter, including but not limited to, the informant's name, addresses, statements given in this proceeding and others, criminal history, past cooperation as an informant, and any consideration, such as promises, inducements, or payments, extended to and/or received by this informant.

## I.   BACKGROUND

The Indictment charges Mr. Francisco-Pedro, Maximo Gonzalez-Sebastian, and Cristian Garcia-Gutierrez with conspiracy to take a hostage, hostage taking, and aiding and abetting. (Doc. 32.) The discovery indicates that an individual identified only as "Jose"

contacted an HSI Special Agent in Albuquerque, New Mexico. Jose served as a confidential informant and provided information that led to the arrest of Mr. Francisco-Pedro. The discovery indicates that Jose is a friend of Elvis Escalante-Velasquez, the brother-in-law of Alberto Pena-Flores, a material witness in this matter. Jose is a material witness in an unrelated case.

In order to prepare for trial, it is critical for Mr. Francisco-Pedro to properly challenge the government's allegations against him. This cannot be accomplished without knowing Jose's full identity and other information that would reveal any motives he might have to lie. Mr. Francisco-Pedro needs to interview and possibly subpoena Jose. Under the circumstances of this case, the Court must require the United States to disclose Jose's full identity and contact information because Mr. Francisco-Pedro's right to prepare for his defense outweighs the government's interest in keeping Jose's identity confidential. *See Roviaro*, 353 U.S. at 62 (holding that the government must disclose an informant's identity where the informant actively participated in or was a percipient witness to the acts underlying the prosecution).

## II.    INFORMATION SOUGHT

Mr. Francisco-Pedro requests the disclosure of the following information pertaining to Jose:

1. Full name and occupation;

2. Whether Jose is a private citizen or police informer;

3. What consideration Jose received or will receive for cooperation and/or testimony. *See Giglio v. United States*, 405 U.S. 150 (1972);

4. Jose's experience with human trafficking;

5. Jose's controlled substance history and habit. *See United States v. Smith*, 692 F.2d 658, 661 (10th Cir. 1983) (normally the trial court runs a substantial risk of causing prejudice to a fair trial when it fails to instruct the jury concerning the inherent unreliability of an addict's testimony);

6. Jose's psychiatric history. *See United States v. Lindstrom*, 698 F.2d 1154, 1163 (11th Cir. 1983);

7. Jose's criminal history, including probation, parole, and immigration status. *See United States v. Auten*, 632 F.2d 478, 482 (5th Cir. 1980);

8. The case names and numbers of any trials or evidentiary hearings at which Jose has testified concerning: (1) his own prior criminal activity; (2) payments or rewards provided to him by the government or his handlers; and (3) efforts made to induce others to participate in criminal activity or other purported law enforcement related matters;

9. Any and all statements, in addition to the agent reports, that are material to this case and which should be disclosed to the defense; and

10. Identification of any prior testimony of the informant; and all details or disclosure or reports regarding any prior investigations. *See United States v. Cutler*, 806 F.2d 933, 965 (9th Cir. 1986).

## III.   ARGUMENT

This Court has authority to order the government to fully identify Jose and any other informant implicating Mr. Francisco-Pedro. *See United States v. Garrison*, 147 F. Supp. 3d 1173, 1179 (D. Colo. 2015) (discussing the inherent authority of the federal judiciary in

criminal prosecutions to compel discovery); *United States v. Nobles*, 422 U.S. 225, 231 (1975) ("Decisions of the Court . . . have recognized the federal judiciary's inherent power to require the prosecution to produce the previously recorded statements of its witnesses so that the defense may get the full benefit of cross-examination, and the truth-finding process may be enhanced"). While the government has the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers . . ." the privilege is not absolute, and must give way when "the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 59–61.

In *Roviaro*, the informer's possible testimony "was highly relevant and might have been helpful to the defense" where the informer "had helped to set up the criminal occurrence and had played a prominent part in it," "was the only witness who might have testified to petitioner's possible lack of knowledge of the contents of the package," and "was the only witness in a position to amplify or contradict the testimony of government witnesses." *Roviaro*, 353 U.S. at 63–64. Unless the petitioner decided to take the stand in his own defense, the informer was his only material witness. *Id.* at 64. *See also United States v. Williams*, 488 F.2d 788, 790 (10th Cir. 1973) ("[T]he government must identify an informant who participates with undercover agents in transactions which are for the purpose of obtaining evidence of crimes and whose testimony might be relevant to the defense."). Accordingly, disclosure may be required when the confidential source is a "participant in and a material witness to" the alleged crime. *Roviaro*, 353 U.S. at 65.

4

Three broad categories of cases involving confidential informants exist: At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* where the informant played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant. *See United States v. Rivas*, 26 F. Supp. 3d 1082, 1120 (D. N.M. 2014) (citations omitted). Mr. Francisco-Pedro believes that Jose may have played a crucial role in the alleged conspiracy requiring disclosure of his full identity.

"As a general rule . . . the government must identify an informant who" assists the government in "obtaining evidence of crimes and whose testimony might be relevant to the defense." *Williams*, 488 F.2d at 790; *United States v. Martinez*, 487 F.2d 973 (10th Cir. 1973); *Garcia v. United States*, 373 F.2d 806 (10th Cir. 1967). "The Tenth Circuit's take on this analysis is well-known." *United States v. Padilla*, No CR 09–3598 JB, 2010 WL 4337819, at * 7 (D.N.M. Sept. 3, 2010) (Browning, J.). When a confidential source plays an active role in the government's investigation, the court must consider: "(1) the crime charged, (2) the possible defenses, (3) the possible significance of the informer's testimony, and (4) other relevant factors." *Id.* at 62. Simply put, this analysis requires this Court to balance "the public's interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) (quoting *Roviaro,* 353 U.S at 62).

## IV.   MR. FRANCISCO-PEDRO'S RIGHT TO PREPARE HIS DEFENSE OUTWEIGHS THE GOVERNMENT'S INTEREST IN KEEPING JOSE'S COMPLETE IDENTITY CONFIDENTIAL

The Tenth Circuit requires disclosure when the information sought by the defendant may be relevant to his defense and justice would be best served. *United States v. Holmes*, 487 F. Supp. 2d 1206, 1211 (D. Kan. 2007). Because the government has not disclosed the complete identity of Jose, Mr. Francisco-Pedro is deprived of his right to adequately prepare his defense. The discovery indicates that the government's case primarily rests on Mr. Francisco-Pedro presence at a house where undocumented persons were present. "[M]ere proximity to [undocumented persons], mere presence on the property where they are located, or mere association with persons who do control them, without more, is insufficient to support a finding of possession." *United States v. Banks*, 884 F.3d 998, 1017 (10th Cir. 2018). The defense, therefore, reasonably believes that the informant will be a key witness for the government's case against Mr. Francisco-Pedro. As Jose's testimony appears to be crucial to the government's case, Mr. Francisco-Pedro's interest in preparing his defense outweighs the government's interests in keeping Jose's complete identity confidential. *See Rivas*, 26 F. Supp. 3d at 1114 ("The Court has required the United States to disclose a CI's identity where the CI 'was integrally involved in the criminal transaction [,] . . . observed the criminal transaction [,] and was not a mere bystander.'") (quoting *United States v. Aguilar*, 2010 WL 2977708 at *5 (D.N.M. June 28, 2010)).

Particularly instructive to Mr. Francisco-Pedro's request is *United States v. Martinez*, where the Tenth Circuit held that the district court erred in refusing the defendant's motions to disclose an informant's identity. *Martinez*, 87 F.2d at 977. Therein,

the defendant was charged with multiple counts of unlawful possession and intent to distribute controlled substances. *Id.* at 974. The informant accompanied an undercover law enforcement officer to the home of Mr. Martinez's co-defendant where the undercover agent purchased heroin from the co-defendant. *Id.* At trial, the undercover officer testified that Mr. Martinez was present and implicated Mr. Martinez in the transaction. *Id.* The officer's testimony formed the basis of the government's prosecution against Mr. Martinez. *Id.* Mr. Martinez's and his co-defendant's testimony directly contradicted the officer's statements in that, although Mr. Martinez agreed he was at the co-defendant's home on the day of the transaction, he was not present or even aware of the heroin sale. *Id.*

The Tenth Circuit held the informant's identity should have been disclosed because the informant was a participant, as well as an eyewitness who was "present at the very time and place where the crime . . . occurred." *Id.* at 975. The court noted that the informant's testimony took on "additional importance in view of the fact that" the testimony from law enforcement was in direct conflict with the defendant's testimony. *Id.*

Similarly, in *United States v. Moralez*, the Tenth Circuit held that the district court abused its discretion in denying the defendant's motion to disclose the identity of the informant. 908 F.2d 565, 569 (10th Cir. 1990). There, the court determined the district court based the denial on an insufficient record and remanded the case for an *in camera* hearing to determine the informant's level of involvement. *Id.* In *Moralez*, the defendant and two co-defendants were charged and convicted of marijuana possession and multiple related counts. *Id.* at 567. After law enforcement received information from a confidential informant that one of the co-defendants was dealing marijuana, officers began watching

the co-defendant's service station and caught him distributing marijuana to a car parked nearby. *Id*. Upon entering the station, law enforcement found nearly two hundred pounds of marijuana scattered throughout the building and arrested Mr. Moralez and his other co-defendant. *Id.*

While the Tenth Circuit was not satisfied with the record before it, it nevertheless emphasized that Mr. Moralez "clearly stated how the informant's testimony was essential to [his] defense" and necessary to address critical issues like who owned the marijuana and whether Mr. Moralez was involved in the illegal marijuana operation. *Id.* at 568. The informant's testimony would support Mr. Moralez's argument that he was "in the wrong place at the wrong time." *Id.* The Court also noted that the confidential informant's testimony would not be cumulative because it would "provide a different perspective" than the testimony of Mr. Moralez's co-defendants who had "motives for implicating Moralez." *Id.*

In Mr. Francisco-Pedro's case, the defense has the burden to "explain to the court as precisely as possible what testimony he thinks the informer could give and how this testimony would be relevant to a material issue of guilt or innocence." *United States v. D'Armond*, 65 F. Supp. 2d 1189, 1198–99 (D. Kan. 1999) (quoting 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 510[06] (1991)). Here, the testimony that Jose could provide that is critical to guilt or innocence is how he obtained information allegedly linking Mr. Francisco-Pedro to the alleged crimes. The full identity of Jose would allow Mr. Francisco-Pedro to investigate his veracity and motives to embellish the facts.

Knowing the Jose's complete identity and will permit Mr. Francisco-Pedro to prepare for and defend against his testimony on critical trial issues such as whether and to what extent Mr. Francisco-Pedro was involved in the alleged conspiracy. Given these circumstances, "it is not at all clear that the informant cannot aid [Mr. Francisco-Pedro's] defense," and the government should therefore be required to disclose the informant's full identity to Mr. Francisco-Pedro and his counsel. *United States v. Aranda-Diaz*, 2013 WL 4446793 at 13 (quoting *Roviaro*, 353 U.S. at 64) (internal quotation omitted). Disclosure of the Jose's complete is essential to the fair adjudication of Mr. Francisco-Pedro's case and outweighs the government's interests in keeping it confidential.

Mr. Francisco-Pedro requests an evidentiary hearing to develop the facts supporting his request.

The government opposes this motion.

WHEREFORE, for the foregoing reasons, Defendant Tomas Feliciano Francisco-Pedro respectfully requests that the Court order the government to disclose the complete identity of the confidential informant referred to as Jose and all information concerning the use of this informant during the investigation and prosecution of this matter, including but not limited to, Jose's name, addresses, statements given in this proceeding and others, criminal history, past cooperation as an informant, and any consideration, such as promises, inducements, or payments, extended to and/or received by Jose, and providing for such other and further relief as the Court deems just and proper.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main St., Ste. 400
Las Cruces, New Mexico 88001
(575) 527-6930

**Electronically filed (November 14, 2018)**
By:     */s/ André Poissant*
ANDRÉ POISSANT
Assistant Federal Public Defender


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF filing system which caused a copy to be served via electronic mail to counsel of record Luis A. Martinez, Assistant United States Attorney on November 14, 2018.

**Electronically filed (November 14, 2018)**
By:     */s/ André Poissant*
ANDRÉ POISSANT
Assistant Federal Public Defender