IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-CR-3409 KG |
| ) | |
| **MAXIMO GONZALEZ-SEBASTIAN,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' MOTION IN LIMINE TO ADMIT CO-CONSPIRATOR STATEMENTS

The United States respectfully moves this Court to admit into evidence the following co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E).

1. Background

The defendant is charged by indictment with the following counts: Count 1: 18 U.S.C. § 1203(a): Conspiracy to Take a Hostage and Counts 2-4: 18 U.S.C. §§ 1203(a) and 2: Hostage Taking; 18 U.S.C. § 2: Aiding and Abetting.  Doc. 32.  The dates of the conspiracy in Count 1 of the indictment are July 21, 2018 to July 26, 2018.  *Id.*

In general, the evidence at trial will show that the defendant detained the three individuals identified in the indictment at a house in Roswell while demanding money.  The defendant was arrested on July 23, 2018.  Law enforcement delivered the individuals from the house on July 26, 2018.  In December 2018, an unknown person contacted Elvis Escalante-Velazquez, who is the brother-in-law of one of the detained people and had several phone conversations with the defendant in July 2018 about the money the defendant was demanding.  By call and text, the December 2018 caller referenced the defendant's alias "Everaldo,"

demanded payment, and threatened harm to Mr. Escalante's family if the money was not paid. A report describing these threats is attached hereto as Exhibit 1. Mr. Escalante also has described the caller stating that he would kill Mr. Escalante's daughter, referring to her by name. Her name was a code word that Mr. Escalante and his brother-in-law had used on the phone while the three were detained in Roswell, and thus could have been heard by the defendant when he was monitoring those calls.

2. Analysis

    A.    The Statements Qualify as Co-Conspirator Statements.

To admit a co-conspirator statement, a district court must find by a preponderance of the evidence: "(1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course of and in furtherance of the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

One of the primary objectives of the conspiracy in this case was payment. The threats at issue were made to try to obtain such payment. That the threats may not have borne a benefit to the defendant is irrelevant. *See United States v. Gupta*, 747 F.3d 111, 124 (2d Cir. 2014) ("there is no requirement that it have been in furtherance of the interests of the defendant himself or of any particular coconspirator"). The United States anticipates that the defendant will argue that the statements do not qualify because they occurred months after the charged dates and the defendant's arrest. These arguments should be rejected.

    i.    The conspiracy dates in the indictment do not define the co-conspirator exception to the hearsay rule.

The conspiracy of which the defendant was a member is not limited to the dates in the indictment. This is so in part because a conspiracy is not limited temporally by the acts or

participation of the particular conspirator who is on trial. *See United States v. Apodaca*, 275 F.Supp. 3d 123, 136 (D.D.C. 2017) (admitting statements made after defendant's arrest); *United States v. Tuchow*, 768 F.2d 855, 868 (7th Cir. 1985) ("where the defendant later became a member of the conspiracy statements made by a co-conspirator during the course and in furtherance of the conspiracy were admissible against the defendant to demonstrate the nature and objectives of the conspiracy which he subsequently joined."). Thus, the mere fact that the threats were made after the defendant's charged conduct in this case does not preclude their admission.

This result is supported further by the proposition that a defendant need not even be charged with conspiracy for co-conspirator statements to be admitted. *See United States v. Kendall*, 665 F.2d 126, 131 (7th Cir. 1981) (statements of a co-conspirator were admissible even if no conspiracy is charged). Further, a conspiracy exists until it has been terminated. *See United States v. Williams*, 87 F.3d 249, 253 (8th Cir. 1996) ("a conspiracy is presumed to exist until there has been an affirmative showing that it has been terminated so long as there is a continuity of purpose and a continued performance of acts").

The United States submits that the threats themselves show that the conspiracy still existed and that the dates charged in the indictment should not limit the co-conspirator exception.

      ii.    <u>The defendant did not withdraw from the conspiracy</u>.

The fact that the threats were communicated after the defendant was arrested is irrelevant because he had not withdrawn from the conspiracy. A defendant remains a conspirator until he withdraws, and his arrest does not equal withdrawal. *See United States v. Alcorta*, 853 F.3d 1123, 1139 (10th Cir. 2017) ("a conspiracy does not end simply because one conspirator has been arrested," and "a conspirator's arrest or incarceration by itself is insufficient to constitute his

withdrawal from the conspiracy"); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 134 (D.D.C. 2017) (holding that arrest was not dispositive of withdrawal and stating "once the government proves that a defendant was a member of an ongoing conspiracy, it has proven the defendant's continuous membership in that conspiracy unless and until the defendant withdraws").

Here, although the defendant was arrested on July 23, 2018, he had not withdrawn from the conspiracy at the time of the statements at issue.

C.  The Statements Also Will Be Relevant to the Jury's Evaluation of the Witness's Testimony.

The witness who received the threats, Mr. Escalante, likely will be attacked during cross-examination. At the time of his trial testimony, his demeanor and fearfulness will no doubt be impacted by the fact he received these later threats specifically targeting his family. The threats are relevant for that reason as will.

D.  Rule 403 Does Not Preclude Admission.

Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Fed. R. Evid. 403. "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (citing Fed. R. Evid. 403 advisory committee's note). The district court has considerable discretion in performing the Rule 403 balancing, but exclusion of evidence that is otherwise admissible under the other rules "is an

4

extraordinary remedy and should be used sparingly." *Id.* (citing *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)).

"[U]nfair prejudice does more than damage the Defendant′s position at trial. Indeed, relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense." *Tan*, 254 F.3d at 1211; *see also United States v. Smith*, 534 F.3d 1211, 1218-19 (10th Cir. 2008) (Rule 403 does not protect against all prejudice, only unfair prejudice). In the Rule 403 context, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury′s attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." *Tan*, 254 F.3d at 1212 (citation omitted) (emphasis in original). "Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403." *Id.* (citing Rule 403).

Applying this analysis to the evidence at issue, the United States submits that it does not provoke an emotional response from the jury wholly apart from its judgment as to the defendant's guilt. Regardless, even if the evidence did, such prejudice would not substantially outweigh its probative value. As a result, the evidence should not be excluded under Rule 403.

3. Conclusion

Based on the foregoing, the United States respectfully requests that the Court admit the foregoing statements into evidence.

Respectfully submitted,

JOHN C. ANDERSON
UNITED STATES ATTORNEY

*Electronically filed 3/8/2019*
RICHARD C. WILLIAMS
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.
　　　/s/
RICHARD C. WILLIAMS
Assistant United States Attorney